

the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: FARRIS, LEAVY, and BYBEE, Circuit Judges.

## MEMORANDUM **

California state prisoner Fred Swanigan appeals pro se from the district court's judgment denying his 28 U.S.C. § 2254 habeas petition. We dismiss.

Swanigan contends that the Board's 2005 decision to deny him parole was not supported by "some evidence" and therefore violated his due process rights. After briefing was completed in this case, this court held that a certificate of appealability ("COA") is required to challenge the denial of parole. *See Hayward v. Marshall*, 603 F.3d 546, 554–55 (9th Cir.2010) (en banc). Now the Supreme Court has held that the only federal right at issue in the parole context is procedural, and the only proper inquiry is what process the inmate received, not whether the state court decided the case correctly. *See Swarthout v. Cooke*, —— U.S. ——, 131 S.Ct. 859, 862–63, 178 L.Ed.2d 732 (2011). Because Swanigan raises no procedural challenges, a COA cannot issue, and we dismiss the appeal for lack of jurisdiction. *See* 28 U.S.C. § 2253(c)(2).

**DISMISSED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**Keith E. WIGGINS, Petitioner— Appellant,**

v.

**Derral G. ADAMS, Respondent— Appellee.**

No. 07–55768.

United States Court of Appeals, Ninth Circuit.

Submitted March 8, 2011.*

Filed March 10, 2011.

Keith E. Wiggins, Corcoran, CA, pro se.

Jane Catherine Malich, Esq., Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: FARRIS, LEAVY, and BYBEE, Circuit Judges.

## MEMORANDUM **

California state prisoner Keith E. Wiggins appeals from the district court's judgment denying his 28 U.S.C. § 2254 habeas petition. We dismiss.

Wiggins contends that the Board's 2004 decision to deny him parole was not supported by "some evidence" and therefore violated his due process rights. After briefing was completed in this case, this

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

court held that a certificate of appealability ("COA") is required to challenge the denial of parole. *See Hayward v. Marshall,* 603 F.3d 546, 554–55 (9th Cir.2010) (en banc). Now the Supreme Court has held that the only federal right at issue in the parole context is procedural, and the only proper inquiry is what process the inmate received, not whether the state court decided the case correctly. *See Swarthout v. Cooke,* — U.S. —, 131 S.Ct. 859, 862–63, 178 L.Ed.2d 732 (2011). Because Wiggins raises no procedural challenges, a COA cannot issue, and we dismiss the appeal for lack of jurisdiction. *See* 28 U.S.C. § 2253(c)(2).

**DISMISSED.**

**Edward HOPKINS, Petitioner–Appellant,**

v.

**J.M. HAMLET, Respondent–Appellee.**

**No. 07–17058.**

United States Court of Appeals, Ninth Circuit.

Submitted March 8, 2011.[*]

Filed March 10, 2011.

Edward Hopkins, Avenal, CA, pro se.

Denise A. Yates, Anya Binsacca, Supervisory, Office of the California Attorney General, San Francisco, CA, for Respondent–Appellee.

Before: FARRIS, LEAVY, and BYBEE, Circuit Judges.

MEMORANDUM [**]

California state prisoner Edward Hopkins appeals pro se from the district court's judgment denying his 28 U.S.C. § 2254 habeas petition. We dismiss.

Hopkins contends that the Board's 2001 decision to deny him parole was not supported by "some evidence" and therefore violated his due process rights. After briefing was completed in this case, this court held that a certificate of appealability ("COA") is required to challenge the denial of parole. *See Hayward v. Marshall,* 603 F.3d 546, 554–55 (9th Cir.2010) (en banc). Now the Supreme Court has held that the only federal right at issue in the parole context is procedural, and the only proper inquiry is what process the inmate received, not whether the state court decided the case correctly. *See Swarthout v. Cooke,* — U.S. —, 131 S.Ct. 859, 862–63, 178 L.Ed.2d 732 (2011). Because Hopkins raises no procedural challenges, a COA cannot issue, and we dismiss the appeal for lack of jurisdiction. *See* 28 U.S.C. § 2253(c)(2).

We deny Appellee's motion to strike documents, filed on July 25, 2008.

**DISMISSED.**

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.